**LORONA MEAD, PLC**
3838 N. Central Ave, #100
Phoenix, AZ 85012
Phone: (602) 385-6825
Fax: (602) 385-6824
Email: jess@loronamead.com
Email: ian@loronamead.com

**Jess A. Lorona, #009186**
**Ian M. Wyer, #031094**
**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **ROSS FREEMAN**, individually as the surviving son of Ephelina Maria Freeman and as Successor-in-Interest to the Estate of Ephelina Maria Freeman; and **FAITH FREEMAN,** individually as the surviving daughter of Ephelina Maria Freeman and as Successor-in-Interest to the Estate of Ephelina Maria Freeman, <br><br>**Plaintiffs,** <br><br>v. <br><br>**UNITED STATES OF AMERICA,** a political entity; **ROBERT MITCHUM, M.D.,** in his individual capacity as a medical doctor with the Fort Defiance Indian Hospital; **PATRICIA LOWERY, M.D.,** in her individual capacity as a medical doctor with the Fort Defiance Indian Hospital; and **KAORI DONAHUE, N.P.**, in her individual capacity as a nurse practitioner with the Fort Defiance Indian Hospital, <br><br>**Defendants.** | **Case Number:** <br><br><br>**COMPLAINT** <br><br>*(Federal Torts Claim Act)* <br>*(Wrongful Death)* |

1

For their Cause of action, Plaintiffs allege the following:

**INTRODUCTION**

1. PLAINTIFFS bring this action under the Federal Tort Claims Act, 28 UNITED STATES Code Section 2671 including 28 U.S.C. sec 2674 ("FTCA") against the UNITED STATES OF AMERICA ("UNITED STATES") for wrongful death, personal injury, and survival, for the wrongful and negligent acts of employees of Defendant UNITED STATES of America including the acts of Dr. Robert Mitchum, Dr. Patricia Lowery and Nurse Practitioner Kaori Donahue ("Hospital Staff"). While acting within the course and scope of their employment, the Hospital Staff committed medical malpractice by failing to properly intubate, insert a Laryngeal Mask Airway and by failing to perform a proper tracheotomy, resulting in the death of Mrs. Ephelina on June 30, 2012.

2. Under the Federal Tort Claims Act, 28 U.S.C. sec 2671 including 28 U.S.C. sec 2674 "The UNITED STATES shall be liable...in the same manner and to the same extent as a private individual under like circumstances..." The Federal Tort Claims Act provides for the UNITED STATES of America to be liable for the negligent or wrongful acts of its employees to the same extent as a private person and to the same extent that a cause of action could be maintained under State Law. On June 25, 2014, Plaintiffs timely presented their Federal Tort Claim to Defendants. On August 12, 2014, Defendants rejected Plaintiffs' Federal Tort Claim with correspondence providing that Plaintiffs "may file a written request with the Agency for reconsideration of the final determination denying the claims within six (6) months from the date of mailing of this determination." Plaintiffs timely served their Letter of

**LORONA MEAD, PLC**
3838 N. CENTRAL. AVE. STE. 100
PHOENIX, ARIZONA 85012
(602) 385-6825

Reconsideration and on June 10, 2015, Defendant rejected Plaintiffs' Letter of Reconsideration with correspondence providing that Plaintiffs "may file suit against the UNITED STATES in the appropriate federal district court within (6) months from" June 10. 2015.

3. Plaintiffs plead claims under the Federal Tort Claims Act for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the UNITED STATES, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346 (b)(1). Here, the Hospital Staff were employees of the Government, and while acting within the course and scope of their agency with the Fort Defiance Indian Hospital, a medical facility under the control of a UNITED STATES Agency, the Indian Health Service Department ("IHS").

4. At all times herein mentioned, the conduct of the Hospital Staff was such that if the UNITED STATES were a private individual, they would be liable to Plaintiffs in accordance with the laws of the State of Arizona.

5. At all times mentioned herein the Defendant UNITED STATES OF AMERICA is a sovereign governmental entity which has been engaged in, among other things, facilitating medical care "to ensure the highest possible health status for Indians and urban Indians and to provide all resources necessary to effect that

policy...."[1] The Hospital is a medical facility under IHS's control and legal authority. Congress authorized the expenditure of funds to ensure medical facilities under IHS meet "the health needs of Indians in an efficient and equitable manner[2] ... [including] emergency medical services."[3] Therefore, IHS has a duty to insure the Hospital is meeting the emergency medical services of its patients and Mrs. Freeman.[4]

## JURISDICTION

6. Plaintiffs' cause of action arises under 28 U.S.C. sec 2674 sec. 2671 and 28 U.S.C. sec. 274 which provides that "The UNITED STATES shall be liable, respecting the provisions of this title relating to Tort Claims, in the same manner and to the same extent as a private individual under like circumstances […]." The jurisdiction of this court is, therefore, founded on Federal Question Jurisdiction pursuant to 28 U.S.C. §1331. Jurisdiction is also founded under 5428 U.S.C. sec. 1343 and 1367 and the Federal Tort Claims Act under 28 U.S.C. sections 1346(b) and 2671-2680(h).

## VENUE

7. Venue is proper in the UNITED STATES District Court, District of Arizona, in that all injuries complained of herein were caused and suffered in the

---

[1] 25 U.S.C.A. § 1602(1) (West)

[2] 25 U.S.C.A. § 1621(a)(3) (West)

[3] *Id*. (5)(E).

[4] Further, IHS (as an agency of the UNITED STATES) is responsible under the Federal Tort Claims Act for injuries caused by medical facilities and medical personnel operating while operating within the scope of his employment. 28 U.S.C.A. § 1346(b). This includes the physicians and medical staff employed at the Hospital and responsible for the events described below leading to Mrs. Freeman's death.

4

County of Apache, State of Arizona, which falls within the jurisdiction of this District Court. Defendant UNITED STATES is properly before this Court because "a substantial part of the events upon which this action is based occurred in this District." 28 U.S.C. §1891(a)(2). Venue is also appropriate in this district under 28 U.S.C. sections 1391 and 1402(b).

## PARTIES

8.      Plaintiff, Alex Freeman, resides in Apache County, Arizona. As Successor-in-Interest to the Estate of Ephelina Maria Freeman, Alex is a proper statutory representative to bring a federal wrongful death and survival action. Under the Federal Tort Claims Act, Alex can recover damages for the value of Mrs. Freeman's life and her pain and suffering, including recover for general damages for loss of aid, comfort and society and for special damages for loss of economic support, funeral and burial expenses.

9.      Plaintiff, Faith Freeman, resides in Apache County, Arizona. As Successor-in-Interest to the Estate of Ephelina Maria Freeman, Faith is the proper statutory representative to bring a federal wrongful death and survival action. Under the Federal Tort Claims Act, Faith can recover damages for the value of Mrs. Freeman's life and her pain and suffering, including recover for general damages for loss of aid, comfort and society and for special damages for loss of economic support, funeral and burial expenses.

10.     The Decedent, Ephelina Maria Freeman, was a resident of Apache County, Arizona.

11.     The UNITED STATES of America is a political entity subject to suit

5

under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), 2671-2680.

12.     The UNITED STATES government has the responsibility for providing medical services on the Navajo Reservation under 25 U.S.C.A. § 1602(1). This responsibility is bestowed upon the IHS and Fort Defiance Hospital (the "Hospital"), which operate under the direct control and under the authority of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES.

13.     During the relevant time period, Defendant Dr. Robert Mitchum was a federal employee or agent for purposes of the FTCA under 5 U.S.C. section 3374 and 28 U.S.C. section 2671 and by virtue of his employment and his conduct on June 29 and 30, 2012, while performing services for the Hospital.

14.     During the relevant time period, Defendant Dr. Patricia Lowery was a federal employee or agent for purpose of the FTCA under 5 U.S.C. section 3374 and 28 U.S.C. section 2671 and by virtue of her employment and his conduct on June 29 and 30, 2012, while performing services for the Hospital.

15.     During the relevant time period, Defendant Kaori Donahue, N.P. was a federal employee or agent for purpose of the FTCA under 5 U.S.C. section 3374 and 28 U.S.C. section 2671 and by virtue of her employment and his conduct on June 29 and 30, 2012, while performing services for the Hospital.

## GENERAL ALLEGATIONS

16.     On June 29, 2012, Mrs. Freeman met her unfortunate and preventable death because the Hospital was not properly staffed to handle the emergency medical attention Mrs. Freeman needed. Specifically, the Hospital was not properly staffed to handle and secure a proper airway for Mrs. Freeman.

17. In the morning hours of June 29th, Mrs. Freeman sought treatment from Tsaile Clinic (the "Clinic").[5] Her chief complaint was sore throat and cough.

18. Following a rapid strep test, the diagnosis was acute streptococcal pharyngitis. The Clinic administered 25 milligrams of Phenergan; prescribed 500-milligram amoxicillin one tablet by mouth 3 times daily for seven days; and prescribed 25 milligram Phenergan to be taken as needed for nausea and vomiting.

19. Despite the above treatment protocol, Mrs. Freeman's throat pain intensified rapidly requiring additional treatment from the Fort Defiance Indian Hospital's emergency department; she was admitted at 6:28 PM on June 29th.

20. The chief complaint and symptoms presented escalated markedly from Mrs. Freeman's first visit with the Clinic only hours prior: (1) acute onset dysphagia, (2) odynophagia, (3) dysphonia, (4) drooling and productive mucosa cough.

21. Mrs. Freeman was drooling, she had productive yellow phlegm, nausea and multiple vomiting incidences. Mrs. Freeman's airway was becoming compromised and the pain associated with simply drinking water was excruciating.

22. Mrs. Freeman's temperature was escalating and her white blood cell count was elevating rapidly. The symptoms indicated systemic infection or sepsis. Mrs. Freeman needed antibiotics and an airway immediately for her life threatening symptoms.

23. Despite the presentment of symptoms at the time, Mrs. Freeman was admitted into the Hospital's emergency department.

---

[5] The Clinic is a division of the Fort Defiance Hospital authorized under IHS.

7

24. However, the Hospital Staff did not attempt to create an airway until 10:55 PM.

25. The first two attempted intubations were unsuccessful and the medical notes indicated that Mrs. Freeman's oxygen saturation was decreasing.

26. Afterward, the Hospital Staff attempted to insert a Laryngeal Mask Airway ("LMA") to create an airway. Again, the Hospital Staff failed to properly insert the LMA.

27. The Hospital's Notes show how the Hospital Staff's administered medical procedures failed.

28. While the LMA was inserted and oxygen was being pumped into Mrs. Freeman, it is obvious that air is not going into the lungs as "severe subcutaneous emphysema" is documented.

29. This note was documented at 2:00 AM on June 30, 2012. Thus, for nearly four hours while an airway was being attempted, Mrs. Freeman's lungs were apparently punctured and the oxygen was trapped under her skin causing her to blow up like a balloon.

30. Upon information and belief, the Medical Staff's failed and negligently implemented medical procedures caused the punctured lung and the severe subcutaneous emphysema.

31. Compounding the issues with the above egregious standard of care, Dr. Robert Mitchum, without the assistance of adequate support staff, attempted to insert a tracheotomy into Mrs. Freeman, again, unsuccessfully.

32. Shortly after Dr. Mitchum's failures, Mrs. Freeman passed away at 2:20

8

AM on June 30, 2012.

## COUNT I
*(Wrongful Death under the Federal Tort Claims Act)*
*(Negligence)*

33. Plaintiffs reallege the preceding.

34. On June 29, 2012, Defendants, Dr. Mithcum, Dr. Lowery, and Mrs. Donahue, while acting in their course and scope of his employment with Defendant UNITED STATES, had a duty to not cause personal injury or death through their own wrongful or negligent act or omission. The Hospital Staff had a further duty to act with due care including, but not limited to, following appropriate policies and procedures and to not allow a situation to develop in which they exhibited of lack of due care and caused the death of another human being.

35. On June 29, 2012, Mrs. Freeman sought treatment from the Hospital's emergency department, Dr. Mitchum, Dr. Patricia Lowery, and Nurse Practitioner Kaori Donohue.

36. Therefore, the Hospital and the Hospital Staff had a duty to provide a degree of care, skill and learning expected of a reasonable, prudent health care provider within Arizona acting in the same or similar circumstances.

37. Defendants breached this duty. Specifically, upon information and belief and based upon the medical records obtained by Plaintiffs on April 10, 2013, the negligence of the individual actors become known: First, the Hospital allowed Mrs. Donahue to attempt the insertion of an LMA without proper training. The LMA caused severe subcutaneous emphysema. Therefore, to correct the improperly LMA insertion, Dr. Mitchum unsuccessfully attempted to place a tracheotomy twice and

9

further exacerbating the failed LMA. Next, to correct the issue, Dr. Lowery was called in to assist. However, Dr. Lowery refused to come in and assist with Mrs. Freeman's condition.

38. Because of Mrs. Freeman's life threatening situation, the Hospital attempted to transfer Mrs. Freeman to another medical facility. The Clinical Course Notes document this attempted transfer as follows: "Trauma surgeon at Banner refused patient w/o airway. FMC refused patient. Dr. Lower called refuse to come in." Based on the medical records, Mrs. Freeman desperately needed to be ventilated but the doctors on staff either were improperly trained, or failed to ventilate Mrs. Freeman with a degree of care, skill and learning expected of a reasonable, prudent health care provider within Arizona acting in the same or similar circumstances. Due to this breach of duty, Mrs. Freeman died at on June 30, 2012.

39. The Hospital and, therefore IHS and the UNITED STATES, breached its duty in failing to provide medical staff trained to handle the type of emergency medical services Mrs. Freeman required on June 29 and 30, 2012. And, the named individuals breached their duty as evidenced by the failed intubation, the failed LMA administration and the failed tracheotomy. The failures caused Mrs. Freeman's punctured lung as evidenced by the documented subcutaneous emphysema. Defendants' breaches were both direct and proximate cause of Mrs. Freeman's death on June 30, 2012, and the losses requested by the statutory representatives.

40. As a direct and proximate result of the actions of Defendant UNITED STATES employees Doctors Lowery and Mitchum and Mrs. Lowery, Plaintiffs have suffered the loss of love, aid, comfort, and society of decedent, she having been a

10

loving and devoted mother, loss of financial support of decedent, funeral and burial expenses, and decedent suffered conscious pain and suffering, loss of value of life to herself and any and all other damages allowed under the Federal Tort Claims Act for which Plaintiffs seek compensatory damages against Defendant UNITED STATES.

### COUNT II
*(Wrongful Death under the Federal Tort Claims Act)*
*(Negligent Hiring, Retention and Supervision)*

41. Plaintiffs reallege the preceding.

42. This action is brought under the Federal Tort Claims Act, 28 U.S.C. sec. 2671, *et seq.* for the wrongful or negligent act or omission by Defendant UNITED STATES' employees and/or agents while acting within the course and scope of their employment.

43. The action of the Defendant UNITED STATES' employees and/or agencies described above show a failure to appropriately hire, retain and supervise the Medical Staff to deal with the type of emergency medical care Mrs. Freeman required on June 29 and 30, 2012. And, therefore, were negligent under the Federal Tort Claims Act, 28 U.S.C. Section 2671, et seq. and reflect negligent hiring, retention and supervision which negligence directly and proximately resulted in the death of Mrs. Freeman and the injuries and damage of Plaintiffs.

44. As a direct and proximate result of the actions of Defendant UNITED STATES and its employees and/or agencies, Plaintiffs have suffered the loss of love, aid, comfort, and society of decedent, he having been a loving and devoted son, loss of financial support of decedent, funeral and burial expenses, and decedent suffered conscious pain and suffering, loss of value of life to himself and any and all other

damages allowed under the Federal Tort Claims Act for which Plaintiffs seek compensatory damages against Defendant UNITED STATES.

**Therefore,** the PLAINTIFFS, on each and every cause of action above, demand the following relief against the Defendants:

1. Compensatory general damages, including, but not limited to, for loss of love, aid, comfort and society of Decedent and special damages, including, but not limited to, for loss of financial support, funeral and burial expenses in an amount according to proof at the time of trial;
2. Reasonable attorneys' fees and expenses of litigation;
3. Costs of suit necessarily incurred herein; and
4. Such further relief as the Court deems just or proper

**RESPECTFULLY SUBMITTED This 9th Day of December, 2015.**

          **LORONA MEAD, PLC**

By:   /s/Jess A. Lorona
       Jess A. Lorona
       Ian M. Wyer
       3838 N. Central Ave., Suite 100
       Phoenix, AZ 85012
       *Attorneys for Plaintiffs*