IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ross Freeman, et al.,<br><br>             Plaintif,<br><br>vs.<br><br>United States of America,<br><br>             Defendant. | No.  CV-15-08293-PCT-SPL<br><br>**ORDER** |

On December 9, 2015, Plaintiffs Ross and Faith Freeman filed a Complaint (Doc. 1) commencing the instant action. On April 7, 2017, Defendant United States of America filed the instant Motion to Dismiss for Lack of Prosecution (Doc. 39). The Court issued an Order advising Plaintiffs that they had until April 24, 2017 to file a response to the motion; Plaintiffs were warned as follows:

> It is Plaintiffs' obligation to timely respond to all motions. The failure of Plaintiffs to respond to the Motion to Dismiss may in the discretion of the Court be deemed as consent to the granting of that Motion without further notice, and judgment may be entered dismissing the complaint and action with prejudice pursuant to LRCiv 7.2(i). *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (per curiam).

(Doc. 40.) To date however, Plaintiffs have not filed a response and the time to do so has passed.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it." The district court also has the inherent power to dismiss a case for failure to prosecute, for failure to comply with court orders, or for failure to follow the local rules. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) (recognizing that even though the language of Rule 41(b) requires a motion, the district court has *sua sponte* power to dismiss for failure to prosecute); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to comply with local rules is a proper ground for dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with an order of the court); *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990). In determining whether dismissal is appropriate, the Court weighs "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali,* 46 F.3d at 53 (citation omitted).

Having considered the five factors here, the Court concludes that dismissal is warranted. While public policy favors disposition of cases on their merits, *see Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), this factor is outweighed by Plaintiffs' continued failure to prosecute this action in any meaningful way, compounded by their noncompliance with the Court's Order and the local rules. *See Link*, 370 U.S. at 629-30 (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1452 (9th Cir. 1994) ("the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure") (internal quotation omitted). This case remains indefinitely stalled, and Plaintiffs' ongoing inaction demonstrates that dismissal is warranted; undertaking any lesser measure would be unavailing.

Further, while dismissal without prejudice is available, the Court does not believe it is appropriate under the circumstances here. *See Ferdik*, 963 F.2d at 1260. During the

course of this case, which has been pending for approximately a year and a half, the parties briefed the question of sovereign immunity, a Case Management Order issued, discovery was undertaken, and Defendant undertook considerable effort to accommodate and communicate with Plaintiffs following the withdrawal of their counsel. Yet, without explanation or regard to the time and resources expended, Plaintiffs abandoned their case, leaving Defendant with no alternative but to allocate further time and resources to filing the instant motion. Therefore, dismissal with prejudice is warranted. Accordingly,

**IT IS ORDERED:**

1. That Defendant's Motion to Dismiss (Doc. 39) is **granted**;

2. That this action is **dismissed with prejudice** for failure to prosecute and to comply with the Court's Order; and

3. That the Clerk of Court shall **terminate** this action.

Dated this 28th day of April, 2017.

Honorable Steven P. Logan
United States District Judge